11 JONES, Judge,
dissenting with reasons.
I find nothing in the reeord to support a finding that the jury specifically found that the defect in the steps was the proximate cause of the plaintiffs fall. Rather, the jury merely gave the following answers to interrogatories presented for their consideration:
1. On November 10,1989, did the premises at Canal Place contain a vice or defect? yes 12 no 0
2. Did the vice or defect present an unreasonable risk of harm to others? yes 12 no 0
3) Were the defective premises at Canal Place on November 10,1989 a cause in fact of the injuries the plaintiff sustained? yes 9 no 3
The jury was never specifically asked to delineate the nature of the defect it found posed an unreasonable risk of harm to others. Consequently, I cannot say that the jury erred in ruling on Mrs. Gooden’s behalf.
Moreover, assuming that the unreasonable risk of harm was in fact a defect in the steps, I am unable to say the jury clearly erred. Admittedly, inconsistencies existed in the testimony concerning the reason for the plaintiffs fall. At one point, the plaintiff quite candidly testified that she did not know for sure what had caused her to fall. At another point she seemed to testify that she fell on either the second or third step. When presented with the following extremely leading statement posed as a question of “So the second step is where your left foot slipped; is that correct?, she replied ‘Tes, Right where I was going down, that’s where I went and landed.” Nonetheless, she adamantly maintained that she went |2down where she fell and remained there until the emergency medical people arrived. The emergency medical technician testified that she was on the ground floor when they arrived and that he observed cracks in the tile at the site *955 where she was found. Given this fact and the fact that both the plaintiff and her son testified that her left shoe contained a long gray or black mark at the bottom after the fall, it could very well be that the jury concluded that the plaintiff had in fact fallen on the step containing the cracks. The fact that none of the witnesses remembered seeing any spillage on the floor from the lunches the plaintiff was carrying could have led the jury to conclude that the plaintiff could not possibly have fell on the first step. Even Mr. Vado, the former security guard admitted that he did not recall any spillage from the lunches on the floor.
For these reasons, I would affirm the judgment of the trial court.